**U.S. Department of Justice**



*United States Attorney*
*Southern District of New York*

SEP 1 6 2009

*86 Chambers Street, 5ᵗʰ Floor*
*New York, New York 10007*

September 16, 2009

> USDS SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: 9/17/09

**By Hand Delivery**

Honorable Victor Marrero
United States District Judge
United States Courthouse
500 Pearl Street, Room 660
New York, New York  10007

> Re:  <u>Doe et al. v. Holder</u>
>      04 Civ. 2614 (VM)

Dear Judge Marrero:

In connection with the Court's Order dated May 12, 2004, enclosed please find a courtesy copy of the redacted version of the Government's Memorandum of Law in Opposition to Plaintiffs' Motion to Lift the Nondisclosure Requirement of the National Security Letter.  We have conferred with plaintiffs' counsel and they have indicated that they will not contest the redactions at this time.

In order to allow the parties to file the redacted version of the Government's papers on the public docket, the parties respectfully request that the Court memo endorse this letter to indicate to the clerk of the court that the redacted version may be filed.

Thank you for your attention to this matter.

Respectfully,

PREET BHARARA
United States Attorney

By: _____
JEFFREY OESTERICHER
BENJAMIN H. TORRANCE
Assistant United States Attorneys
Tel.: (212) 637-2698/2703

SO ORDERED: *Request Granted. The clerk of Court is directed to file the redacted version of the Government's Opposition to Plaintiff's motion to lift the Nondisclosure Requirement of the NSL herein in the public docket of this case.*
DATE 9-17-09  VICTOR MARRERO, U.S.D.J.

Enclosure
cc:  Melissa Goodman, Esq. (by fax w/o encl.)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------- x

JOHN DOE, INC.; JOHN DOE; AMERICAN        :
CIVIL LIBERTIES UNION; and AMERICAN       :
CIVIL LIBERTIES UNION FOUNDATION,         :
                                          :                    04 Civ. 2614 (VM)
            Plaintiffs,                    :
                                          :                    ~~Under Seal~~ REDACTED
       v.                                 :
                                          :
ERIC HOLDER, JR., in his official capacity as   :
Attorney General of the United States; ROBERT   :
MUELLER, III, in his official capacity as       :
Director of the Federal Bureau of Investigation; :
and VALERIE E. CAPRONI, in her official          :
capacity as General Counsel of the Federal       :
Bureau of Investigation,                          :
                                                  :
            Defendants.                            :

--------------------------------------------------------------- x

## Memorandum of Law in Opposition to Plaintiffs' Motion to Lift the Nondisclosure Requirement of the National Security Letter

PREET BHARARA
United States Attorney for the
Southern District of New York
Attorney for Defendants
86 Chambers Street
New York, New York 10007
Telephone: 212.637.2698, 2703
Fax: 212.637.2730

JEFFREY S. OESTERICHER
BENJAMIN H. TORRANCE
Assistant United States Attorneys

     – Of Counsel –

## Table of Contents

Preliminary Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
  A. Legal Standard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
  B. The Government's Ex Parte Declaration Demonstrates the Need for
   Continuing Nondisclosure of the NSL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
  C. Nondisclosure of Doe's Name Is Justified by the Government's Submission . . . . . . 6
  D. Disclosure of the NSL Attachment Is Not Within the Scope of the Present
   Proceeding . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## Preliminary Statement

The government respectfully submits this memorandum in opposition to plaintiffs' application to lift the nondisclosure requirement imposed by the national security letter at issue in this case. Plaintiffs' arguments rely entirely on speculative hearsay and their own uninformed and inexpert opinions about the needs of law enforcement. In contrast, the government, in its earlier ex parte submission, has set forth specific and compelling reasons that continued secrecy is needed to protect the national security and the integrity of an authorized counterterrorism or counterintelligence investigation. The government's submission easily meets the Second Circuit's standard as determined in its remand order, and for that reason plaintiffs' application should be denied.

## Background

In *John Doe, Inc. v. Mukasey*, the Second Circuit set forth the legal standards governing challenges to the nondisclosure requirements imposed by national security letters ("NSLs"), and remanded the case to this Court "so that the Government may have an opportunity to sustain its burden of proof and satisfy the constitutional standards [the circuit had] outlined for maintaining the disclosure requirement." 549 F.3d 861, 885 (2d Cir. 2008). Accordingly, the government on June 17, 2009, filed a certification by the deputy assistant director of the Federal Bureau of Investigation ("FBI") that disclosure of the NSL at issue in this case may result in harms enumerated in 18 U.S.C. § 2709(c). In support of that certification, the government also filed a classified ex parte declaration by an FBI supervisory special agent explaining why disclosure of the NSL may result in those harms.

Plaintiffs sought access to that classified ex parte declaration, an application the Court denied on August 5, 2009, except to the extent the government was directed to provide plaintiffs

with a redacted version and unclassified summary of the declaration. Plaintiffs now argue that the government has not sustained its burden to show the need for continued nondisclosure. For the following reasons, plaintiffs' arguments should be rejected and their application to lift the NSL's nondisclosure requirement should be denied.

## Argument

### A.   Legal Standard

In *Doe*, the Second Circuit held that the government must demonstrate that there is "a good reason to believe that a[ statutorily] enumerated harm may result" from disclosure of an NSL issued under 18 U.S.C. § 2709. 549 F.3d at 881. The enumerated harms are "danger to the national security of the United States, interference with a criminal, counterterrorism, or counterintelligence investigation, interference with diplomatic relations, or danger to the life or physical safety of any person." 18 U.S.C. § 2709(c).

Although the government bears the burden of showing the need for nondisclosure, the district court must "normally defer to the Government's considered assessment of why disclosure in a particular case may result in an enumerated harm related to such grave matters as international terrorism or clandestine intelligence activities." 549 F.3d at 881. This deferential standard recognizes the executive branch's expertise (and the judicial branch's lack of such expertise) in law enforcement and national security matters. While the court may not uphold a nondisclosure requirement based solely on a conclusory assurance by the government, it need only "requir[e] *some* elaboration" beyond the mere assertion of necessity. *Id.* (emphasis added). Thus, "[i]n showing why disclosure would risk an enumerated harm, the Government must at least indicate the nature of the apprehended harm and provide a court with some basis to assure

2

itself (based on *in camera* presentations where appropriate) that the link between disclosure and risk of harm is substantial." *Id.*

Plaintiffs misstate the legal standard when they say the nondisclosure order "can be maintained only if it satisfies strict scrutiny"—acknowledging only in a footnote that the Second Circuit specifically declined to adopt that standard as it was unnecessary to the resolution of this case. Pls.' Br. at 8 & n.1; *Doe*, 549 F.3d at 878. Rather than adopting a standard that the court of appeals declined, this Court should simply follow the circuit's mandate and apply the test set out in the remand opinion and described above: whether the government, with the benefit of the Court's normal deference to its determination regarding matters of law enforcement and national security, can show a good reason that a statutorily enumerated harm might result from disclosure by offering some elaboration beyond a conclusory statement that there is a substantial link between disclosure and the risk of harm.

## B.    The Government's Ex Parte Declaration Demonstrates the Need for Continuing Nondisclosure of the NSL

As noted above, the government's reasons for continuing to require nondisclosure are set forth in the classified and ex parte June declaration. Although the government cannot discuss the contents of that declaration in this public filing, the declaration demonstrates that a danger to the national security, as well as interference with a criminal, counterterrorism, or counterintelligence investigation, could easily result from disclosure of the NSL.[1] The detailed declaration is far from conclusory and demonstrates good reasons to believe that the statutorily enumerated harms may result from disclosure—far more than merely "some basis" as mandated by the Second Circuit.

---

[1] The entire declaration is relevant to this determination, but ¶¶ 58–63 in particular speak specifically to the threats that would result from disclosure.

3

The FBI's determination in this respect, supported by the declaration, deserves the Court's deference, as required by the court of appeals's decision, and the government's burden has been met.

In response, plaintiffs offer only self-serving conjecture, hearsay, and uninformed lay speculation about the requirements of law enforcement. Plaintiffs' argument is based on plaintiff Doe's own declaration, in which he relays the supposed knowledge of ███████████████████

████████████████████████████████████████████████████████████

Third Doe Decl. ¶¶ 6–15. To begin with, Doe's argument relies completely on ███████████

██████████ *Id.* ¶ 6, 9–13 (████████████████████████████████████

██████████). Doe's recitation is entirely hearsay, except when it is double hearsay, e.g.,

¶ 12 (██████████████████████████████████████████), and is therefore entirely inadmissible. Fed. R. Evid. 802. Moreover, it is hearsay of a particularly unreliable nature: the bulk of ████████████████████████████████████████

██████████████" Third Doe Decl. ¶¶ 10, 11, 13. Based on those beliefs, ██████████

██████████, *id.* ¶ 7, ████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████ *Id.* ¶ 14. In short, Doe's declaration is nothing but conjecture based on hearsay accounts of speculation; it is entitled to no weight whatsoever.

Additionally, even if Doe's declaration had any substance, it should be disregarded. The declaration only addresses half the government's justification for continued secrecy: the unclassified summary released to plaintiffs cited not only the risk of alerting the target of the FBI's investigation, but also alerting other individuals under investigation. Neither Doe's

4

declaration nor anything else cited by plaintiffs even attempts to refute the latter harm. Nor could

they; even under plaintiffs' lax standards of evidence, the hearsay speculation they offer could

not possibly suggest, let alone establish, that ██████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████ Thus, a

major justification offered by the government for the need for nondisclosure remains unrefuted

by plaintiffs.

Moreover, ███████████████████████████████████████████████ as the

Fourth Circuit has put it in the context of press disclosures, "[r]umors and speculations circulate

. . . . It is one thing . . . to speculate or guess that a thing may be so or even . . . to say that it is so;

it is quite another thing for one in a position to know of it officially to say that it is so." *Alfred A.*

*Knopf, Inc. v. Colby*, 509 F.2d 1362, 1370 (4th Cir. 1975). Official disclosure thus causes

damage that cannot be occasioned by unofficial disclosures, and release of the NSL providing

official confirmation of part of the FBI's investigation would therefore cause harm to that

investigation and the national-security concerns associated with it. *Wilson v. McConnell*, 501

F. Supp. 2d 545, 559–60 (S.D.N.Y. 2007) ("nothing in the law or its policy requires the

[government] to officially acknowledge what those in the public may think they know"); *Military*

*Audit Project v. Casey*, 656 F.2d 724, 753 (D.C. Cir. 1981) (even when public speculation about

government action is correct, there is advantage to leaving "lingering doubts," and therefore court

"cannot assume . . . that the [government] has nothing left to hide"); *Phillippi v. CIA*, 655 F.2d

1325, 1329–31 (D.C. Cir. 1981); *Alfred A. Knopf*, 509 F.2d at 1370–71 (even when "information

has been so widely circulated and is so generally believed to be true, that confirmation by one in

5

a position to know would add nothing to its weight," still improper for court to order confirmation).

Put differently, "[t]he disclosure of a few pieces of information in no way lessens the government's argument that complete disclosure would provide a composite picture of its investigation and have negative effects on the investigation." *Center for National Security Studies v. U.S. Department of Justice*, 331 F.3d 918, 930–31 (D.C. Cir. 2003). Additional disclosure would not only fill in gaps in information in this case, but would undermine the government's ability to investigate in the future by calling into question its ability to keep secrets. "A potential witness or informant may be much less likely to come forward and cooperate with the investigation if he believes his name will be made public." *Id.* at 930.

The government has made the necessary showing in its ex parte declaration. Plaintiffs have failed to undermine the declaration's demonstration of the need for continuing nondisclosure of the NSL, and their application should be denied.

## C.    Nondisclosure of Doe's Name Is Justified by the Government's Submission

Plaintiffs separately argue that the Court should partially lift the nondisclosure order to permit Doe to discuss the fact that he has received an NSL. For the same reasons as set out above, this contention fails: disclosure of Doe's identity will reveal much of the same information as disclosure of the entire NSL and lead to the same harms. As more specifically stated in the ex parte declaration (*see* ¶¶ 24–28, 32–33, 48–52, 62), simply permitting Doe to discuss his receipt of the NSL could reasonably be expected to lead to one of the statutorily enumerated harms and therefore should not be permitted.

6

## D.   Disclosure of the NSL Attachment Is Not Within the Scope of the Present Proceeding

Plaintiffs now argue that the redactions the FBI has made to the NSL's "Attachment" are not justified. The Attachment sets out types of information that an NSL recipient may consider to be electronic communication transactional records subject to disclosure under the NSL statute.

Plaintiffs contend that the FBI has previously disclosed parts of the Attachment in the settlement of another case. Br. 17–18. The government agrees, and has consented to permit the Attachment to be filed on the public docket in this case with redactions that conform to those in the other litigation.

Plaintiffs also seek release of the entire Attachment. That argument is apparently being raised for the first time in this litigation, and is not now properly before this Court. The Second Circuit's opinion remanded this case to permit the government to attempt to meet its burden of proof in this particular case. 549 F.3d at 885 (considering "procedure to be followed with respect to judicial review of the nondisclosure requirement with respect to the NSL issued to John Doe, Inc."); *accord id.* at 881 ("court will normally defer to the Government's considered assessment of *why* disclosure *in a particular case* may result in an enumerated harm" (second emphasis added)). In accordance with that mandate, the government submitted its certification and ex parte declaration justifying the nondisclosure requirement specifically with respect to this case.

As the issue of the Attachment had not been raised before, the government was not on notice that plaintiffs intended to litigate that question, and accordingly did not provide justification in the ex parte declaration for requiring nondisclosure of the Attachment. The Court, therefore, should not consider the issue now, as the government has not had a fair opportunity to set forth its rationale in an appropriate declaration. To the extent the Court views plaintiffs'

7

challenge as appropriate for consideration, the Court should provide the government with time to

submit such a declaration and a supplemental memorandum of law.[2]

## Conclusion

For the foregoing reasons, plaintiffs' application to lift the nondisclosure requirement

should be denied.

Dated:    New York, New York                    Respectfully submitted,
          September 11, 2009

                                                PREET BHARARA
                                                United States Attorney for the
                                                Southern District of New York
                                                Attorney for Defendants

                            By:     _____/s/_____

                                                JEFFREY S. OESTERICHER
                                                BENJAMIN H. TORRANCE
                                                Assistant United States Attorneys
                                                86 Chambers Street
                                                New York, New York 10007
                                                Telephone: 212.637.2698, .2703
                                                Fax: 212.637.2702
                                                E-mail:  jeffrey.oestericher@usdoj.gov
                                                         benjamin.torrance@usdoj.gov

---

[2]In brief, the government's argument will be that disclosure of the precise information sought in NSLs would reveal FBI investigative sources and methods and could compromise investigations by permitting targets to manipulate information to avoid the NSL's requirements. *See, e.g.*, *In re Dep't of Investigation*, 856 F.2d 481, 484, 485 (2d Cir. 1988) (law enforcement techniques privileged); *Frankel v. SEC*, 460 F.2d 813, 817 (2d Cir. 1972) (same); *Morrissey v. City of New York*, 171 F.R.D. 85, 90 (S.D.N.Y. 1997) (disclosure of techniques would compromise future investigations and therefore information is privileged); *see* FOIA, 5 U.S.C. § 552(b)(7)(E) (law enforcement "techniques and procedures" exempt from disclosure to prevent "risk [of] circumvention of the law"). However, the specifics of the harm that would be caused by revelation of the NSL's law enforcement techniques must be set out in a declaration by a knowledgeable FBI official, a declaration the government has not had an opportunity to submit.

8