```
                                        ┌─────────────────────────────┐
UNITED STATES DISTRICT COURT            │ USDS SDNY                   │
SOUTHERN DISTRICT OF NEW YORK           │ DOCUMENT                    │
                                        │ ELECTRONICALLY FILED        │
------------------------------------X   │ DOC #: _____    │
JOHN DOE, AMERICAN CIVIL            :   │ DATE FILED: 10-20-09        │
LIBERTIES UNION, and AMERICAN       :   └─────────────────────────────┘
CIVIL LIBERTIES UNION FOUNDATION,   :
                                    :
                    Plaintiffs,     :   04 Civ. 2614 (VM)
                                    :
        - against -                 :   DECISION AND ORDER
                                    :
ERIC HOLDER, in his official        :
capacity as Attorney General of the :
United States et al.,               :
                                    :
                    Defendants.     :
------------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

Plaintiffs John Doe ("Doe"), the American Civil Liberties Union and the American Civil Liberties Union Foundation (collectively, "Plaintiffs") filed a motion for partial summary judgment under Federal Rule of Civil Procedure 56 ("Rule 56") seeking a declaratory judgment that the nondisclosure provisions of 18 U.S.C. § 2709(c) and § 3511(b) are unconstitutional on their face and as applied. Defendants Alberto Gonzales,[1] Robert Mueller, and Valerie E. Caproni (collectively, the "Government") cross-moved for dismissal of the complaint or, in the alternative, summary judgment.

---

[1] Plaintiff's action was brought against Alberto Gonzales in his then official capacity as Attorney General of the United States. Because Eric Holder is now the Attorney General of the United States, and because Plaintiff brings no individual capacity claims against Alberto Gonzales, Eric Holder has been substituted as defendant for Alberto Gonzales pursuant to Fed. R. Civ. P. 25(d)(1).

By Decision and Order dated September 6, 2007,[2] this Court granted in part and denied in part Plaintiffs' motion for summary judgment, and denied the Government's cross-motion for dismissal or summary judgment. The Government appealed and the Second Circuit Court of Appeals, by order of December 15, 2008,[3] affirmed in part, reversed in part, and remanded for further proceedings. On remand, this Court will reconsider the parties' cross-motions in light of the Second Circuit's decision.

The discrete issue presently before this Court is whether the Government is justified in continuing to require nondisclosure of a National Security Letter ("NSL") issued to Doe. Following remand, the Government submitted an ex parte, in camera filing under seal, consisting of a classified sworn Declaration (the "Declaration"),[4] dated June 16, 2009, made by a Supervisory Special Agent of the Federal Bureau of Investigation ("FBI"). The Declaration was submitted in support of the Government's assertion that a continuing need

---

[2] This Decision and Order is available at Doe v. Gonzales, 500 F. Supp. 2d 379 (S.D.N.Y. 2007).

[3] The Second Circuit's decision is available at John Doe, Inc. v. Mukasey, 549 F.3d 861 (2d Cir. 2008) ("John Doe, Inc.").

[4] The Declaration was filed with the Court's Security Officer or Designee. The Court's only copy of the Declaration is stored in the Court's secure room with access to it limited to persons granted appropriate security clearance.

exists for nondisclosure of the NSL issued to Doe. By Order dated August 5, 2009, this Court directed the Government to disclose to Plaintiffs an unclassified summary and redacted version of the Declaration. The parties then filed submissions in support of and in opposition to continuation of the NSL nondisclosure requirement. For the reasons discussed below, the Government's motion for summary judgment is GRANTED in part and the Plaintiffs' motion for partial summary judgment is DENIED in part. The Court finds that the Government has carried its burden and that continuation of the nondisclosure requirement imposed on Plaintiffs is justified.

## I. BACKGROUND

### A. FACTUAL BACKGROUND

The Second Circuit's decision in John Doe, Inc. sets forth all of the relevant facts, familiarity with which is assumed. See 549 F.3d at 864-70. As described by the Second Circuit, in February 2004 the FBI delivered the NSL at issue to Doe. The NSL directed Doe "to provide the [FBI] the names, addresses, lengths of service and electronic communication transactional records ... for [a specific] email address." The letter certified that the information sought was relevant to an authorized investigation to protect against international terrorism or clandestine intelligence activities and advised

Doe that the law prohibits disclosure "to any person that the FBI has sought or obtained access to information or records under these provisions." (Declaration of Melissa Goodman, dated August 21, 2009, Ex. B.) Attached to the letter was a list of information ("NSL Attachment") that Doe was required to disclose to the Government.

B.   PROCEDURAL HISTORY

Plaintiffs initially brought this case in 2004, challenging the constitutionality of 18 U.S.C. § 2709 ("§ 2709"), amended by the USA Patriot Act (the "Patriot Act"), Pub. L. No. 107-56, 115 Stat. 272 (Oct. 26, 2001). Section 2709 was originally enacted as part of Title II of the Electronic Communication Privacy Act of 1986, Pub. L. No. 99-508, § 201, 100 Stat. 1848, 1867-68 (1986), and governs the issuance of NSLs by the FBI to wire and electronic communication service providers. Subsection 2709(c), as it existed in 2004, imposed a nondisclosure requirement prohibiting electronic communication service providers from revealing receipt of an NSL.

In Doe v. Ashcroft, 334 F. Supp. 2d 471, 511-25 (S.D.N.Y. 2004) ("Doe I"), this Court ruled that § 2709 was unconstitutional on its face, and that the nondisclosure requirement of § 2709(c) was unconstitutional under the First

Amendment as an unjustified prior restraint and content-based restriction on speech. While the Government's appeal of <u>Doe I</u> was pending, Congress amended § 2709(c) to require nondisclosure only upon certification by senior FBI officials that "otherwise there may result a danger to national security of the United States, interference with a criminal, counterterrorism, or counterintelligence investigation, interference with diplomatic relations, or danger to the life or physical safety of any person." See USA Patriot Improvement and Reauthorization Act of 2005, §§ 115, 116(a), Pub. L. No. 109-177, 120 Stat. 192, 211-14 (Mar. 9, 2006) (the "Reauthorization Act"). In the Reauthorization Act, Congress also added several provisions, codified at 18 U.S.C. § 3511 ("§ 3511"), relating to judicial review of NSLs and NSL nondisclosure requirements.[5] The Second Circuit remanded the case to this Court for reconsideration in light of these amendments.

Following subsequent cross-motions for summary judgment, on September 6, 2007, in <u>Doe v. Gonzales</u> ("<u>Doe II</u>"), this Court

---

[5] Subsection 3511(a) provides that an NSL recipient can petition a federal district court "for an order modifying or setting aside the request," which the court "may" grant "if compliance would be unreasonable, oppressive, or otherwise unlawful." 18 U.S.C. § 3511(a). Additionally, under § 3511(b), an NSL recipient can petition a federal district court for an order setting aside or modifying a nondisclosure requirement.

ruled that § 2709(c) is not narrowly tailored in scope or duration and thus violates the First Amendment, and that § 3511 violates the constitutional principles of checks and balances and separation of powers. See 500 F. Supp. 2d 379, 419-25 (S.D.N.Y. 2007). On appeal of this Court's decision in Doe II, the Second Circuit determined that §§ 2709 and 3511 (collectively, the "NSL statutes") could pass constitutional muster if certain procedural requirements were met. See John Doe, Inc., 549 F.3d at 883-85. The Second Circuit thus remanded the case to this Court for review of the nondisclosure requirement as applied to Doe.

C.  SECOND CIRCUIT DECISION

In John Doe, Inc. the Second Circuit set forth the standard for judicial review of an NSL nondisclosure requirement. The Circuit Court, interpreting the NSL statutes in light of the need to balance Executive Branch discretion regarding national security with First Amendment interests, found that courts should uphold a nondisclosure requirement only upon an an "adequate demonstration" by the Government that "a good reason exists reasonably to apprehend a risk of an enumerated harm ... linked to international terror or clandestine intelligence activities." Id. at 882.

The Second Circuit declined to categorize nondisclosure requirements as prior restraints or content-based restrictions on speech, but found that § 2709(c) implicates First Amemndment interests because it is a restraint on expression conditioned on governmental permission. Id. at 876-78. Subsection 2709(c) provides that the recipient of an NSL is prohibited from disclosing "to any person (other than those to whom such disclosure is necessary to comply with the request or an attorney to obtain legal advice or legal assistance with respect to the request) that the Federal Bureau of Investigation has sought or obtained access to information or records." Where expression is conditioned on governmental permission, the Supreme Court has established three procedural safeguards: (1) any restraint imposed prior to judicial review must be limited to "a specified brief period"; (2) any further restraint prior to a final judicial determination must be limited to "the shortest fixed period compatible with sound judicial resolution"; and (3) the burden of going to court to suppress speech and the burden of proof in court must be placed on the government. See Freedman v. Maryland, 380 U.S. 51, 58-59 (1965); John Doe, Inc., 549 F.3d at 871 (citing FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 227 (1990)).

To satisfy the procedural safeguards required by the First

Amendment, the Second Circuit established a two-step process for judicial review of NSL nondisclosure requirements: (1) the Government must initiate review by a district court of the lawfulness of a nondisclosure requirement;[6] and (2) the Government has the burden of showing a "good reason" to believe that disclosure may result in a harm related to an authorized investigation to protect against international terrorism or clandestine intelligence activities. John Doe, Inc., 549 F.3d at 881. To demonstrate a "good reason," the Government must "provide a court with some basis to assure itself (based on in camera presentations where appropriate) that the link between disclosure and risk of harm is substantial." To satisfy its burden, the Government must provide more than a conclusory assurance that a likelihood of harm exists. Id.

The Second Circuit limited the types of harm upon which the Government can rely to justify an NSL nondisclosure requirement. Subsection 3511(b)(2) authorizes district courts to modify or set aside a nondisclosure order "if it finds that there is no reason to believe that disclosure may endanger the national security of the United States, interfere with a

---

[6] Although John Doe, Inc. provides that the Government is obliged to initiate judicial review of a nondisclosure requirement, here, the Second Circuit has determined that the obligation is waived because judicial review has already been initiated before this Court. 549 F.3d at 885.

criminal, counterterrorism, or counterintelligence investigation, interfere with diplomatic relations, or endanger the life or physical safety of any person." However, after John Doe, Inc., to uphold a nondisclosure order, a district court must find that "disclosure may result in an enumerated harm that is related to an authorized investigation to protect against international terrorism or clandestine intelligence activities." Id. at 875.

C.  PARTIES' CONTENTIONS

The Government contends that its Declaration "demonstrates that a danger to the national security, as well as interference with a criminal, counterterrorism, or counterintelligence investigation, could easily result from disclosure of the NSL." (Memorandum of Law in Opposition to Plaintiffs' Motion to Lift the Nondisclosure Requirement of the National Security Letter (the "Government Memo"), dated September 11, 2009, at 3). The Government's arguments are further elaborated upon in its classified Declaration, and thus largely cannot be detailed here. The Declaration provides information on the underlying investigation, the contents of the challenged NSL, and the Government's argument regarding why disclosure of the NSL could tip off the target of an ongoing investigation as well as other individuals who are under investigation. (Unclassified Summary

-9-

of Classified FBI Declaration ("Unclassified Declaration"), dated July 29, 2009.)

Plaintiffs contend that the Government has failed to justify continuation of the nondisclosure order. Relying on the Government's Unclassified Declaration, Plaintiffs argue that the Government has not carried its burden of showing that the link between disclosure and risk of harm is substantial. (Plaintiffs' Memorandum in Opposition to Continuation of the NSL Gag Order (the "Pls.' Mem."), dated August 21, 2009, at 9). In support, Plaintiffs assert that disclosure of the NSL would reveal nothing about the scope or content of the FBI's years-old investigation. Id.

Alternatively, Plaintiffs contend that the Government has failed to justify continuation of the nondisclosure order as to John Doe's identity as an NSL recipient. Plaintiffs argue that even if the nondisclosure order should not be lifted entirely, lifting the order as to John Doe's identity would provide the Government's target "with limited information at best." Id. at 11-12.

Lastly, Plaintiffs contend that the Government has failed to carry its burden as to continued nondisclosure of the NSL Attachment. Plaintiffs argue that the NSL Attachment, which set out the specific categories of information subject to

disclosure by Doe, is of public concern and provides "unique and concrete evidence of the FBI's abuse of the NSL power." (Pls.' Mem. at 13-14.)

## II. DISCUSSION

### A. LEGAL STANDARD

In connection with a Rule 56 motion, "[s]ummary judgment is proper if, viewing all the facts of the record in a light most favorable to the non-moving party, no genuine issue of material fact remains for adjudication." Samuels v. Mockry, 77 F.3d 34, 35 (2d Cir. 1996) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-50 (1986)). The role of a court in ruling on such a motion "is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 11 (2d Cir. 1986). The moving party bears the burden of proving that no genuine issue of material fact exists or that, due to the paucity of evidence presented by the non-movant, no rational jury could find in favor of the non-moving party. See Gallo v. Prudential Residential Servs., L.P., 22 F.3d 1219, 1223-24 (2d Cir. 1994).

B.   NONDISCLOSURE OF THE NSL

The discrete issue before this Court on remand is whether the Government is justified, pursuant to §§ 2709(c) and 3511(b), in continuing to impose a nondisclosure requirement on Plaintiffs as to the NSL at issue.  On the basis of an in camera review of the Government's classified Declaration, this Court finds that there is no genuine issue of material fact as to whether the Government's justification meets the standard set forth by the Second Circuit.  The Court is persuaded that the Government has demonstrated that a good reason exists to believe that disclosure may result in a harm related to an authorized ongoing investigation to protect against international terrorism or clandestine intelligence activities. Also, as required by John Doe, Inc., the Government has demonstrated to the satisfaction of the Court that the link between disclosure and the risk of harm is substantial.

Plaintiffs contend that even if the Government can satisfy its burden as to non-disclosure of the NSL, there is no continuing need for non-disclosure of John Doe's identity.  The Court disagrees.  Plaintiffs' contention that revealing John Doe's identity would "add only the most marginal information about the government's investigation," (Pls.' Memo at 12), is not persuasive.  The Court finds, on the basis of its in camera

-12-

inspection of the Declaration, that there is a reasonable likelihood that knowledge of Doe's identity could inform the Government's target that he or she is still under active investigation. This result would be even more likely if this Court were to partially lift the NSL's nondisclosure requirement. The outcome of such a course would be to identify an active investigation as requiring continuing nondisclosure while simultaneously providing information that could be useful to the Government's target. The Supreme Court, in upholding non-disclosure of intelligence information by the Central Intelligence Agency under apposite circumstances, has cautioned that "bits and pieces" of data "may aid in piecing together bits of other information even when the individual piece is not of obvious importance in itself." CIA v. Sims, 471 U.S. 159, 178 (1985). The Court therefore finds that the Government has carried its burden as to the nondisclosure of Doe's identity.

Finally, Plaintiffs seek disclosure of the NSL Attachment, arguing that it demonstrates abuse of the FBI's NSL power and is a matter of public concern. The Government opposes this request on the grounds that disclosure of the NSL Attachment is being raised for the first time in this litigation and is not within the scope of the present proceeding. (Government Memo at 7.) For the purposes of this motion, the Court treats the

-13-

NSL Attachment as part of the NSL issued to Doe and thus denies Plaintiffs' motion to lift the nondisclosure requirement as to the NSL Attachment. Plaintiff has not identified any authority to support its contention that the NSL Attachment should be considered separately. Nor does the Court find any reason to disaggregate the NSL into component parts.

B.   FIRST AMENDMENT

The Court notes that this ruling does not constitute a permanent bar on the NSL's disclosure. See John Doe, Inc., 549 F.3d 883-84 (stating that NSL nondisclosure requirement is subject to annual challenges as provided by § 3511(b)); Doe v. Gonzales, 449 F.3d 415, 422 (2d Cir. 2006) ("A permanent ban on speech seems highly unlikely to survive the test of strict scrutiny, one where the government must show that the statute is narrowly tailored to meet a compelling government interest.") (Cardamone, J., concurring) (citing Ashcroft v. ACLU, 542 U.S. 656, 665-66 (2004)). As articulated by the Second Circuit in John Doe, Inc., and previously by this Court in Doe I and Doe II, NSL non-disclosure orders implicate First Amendment interests fundamental to our Constitution. The First Amendment requires that a nondisclosure order be maintained only as long as it is "narrowly tailored to promote a compelling Government interest," John Doe, Inc. 549 F.3d at 878

-14-

(quoting United States v. Playboy Entm't Group, 529 U.S. 803, 813 (2000)), and that there are no "less restrictive alternatives [that] would be at least as effective in achieving the legitimate purpose that the statute was enacted to serve."[7] Id. (quoting Reno v. ACLU, 521 U.S. 844, 874 (1977)). Subsection 3511(b) provides that NSL recipients can challenge the nondisclosure requirement annually. Plaintiffs therefore possess the right to challenge the nondisclosure order again in the future if it remains necessary to do so. As provided by the Second Circuit, in the event subsequent challenges are raised, the standards and burden of proof articulated in John Doe, Inc. will apply. See 549 F.3d at 883-84.

### III. ORDER

For the reasons stated above, it is hereby

**ORDERED** that motion (Docket No. 178) of plaintiffs John Doe ("Doe"), the American Civil Liberties Union, and the American Civil Liberties Union Foundation (collectively, "Plaintiffs") to lift the nondisclosure requirement of the National Security Letter issued to Doe is DENIED. Defendants

---

[7] In John Doe, Inc., the Second Circuit panel did not reach agreement as to whether the NSL statutes should be examined under a strict scrutiny standard or under a standard that is "not quite as exacting a form of scrutiny." 549 F.3d at 878 (internal quotation omitted). Nevertheless, the Second Circuit found that the disagreement had no bearing on the standard of review applicable on remand.

Eric Holder, in his official capacity as Attorney General of the United States, Robert Mueller, in his official capacity as Director of the Federal Bureau of Investigation, and Valerie E. Caproni, in her official capacity as General Counsel to the Federal Bureau of Investigation (collectively, "Defendants") are hereby permitted to enforce the nondisclosure provisions of 18 U.S.C. § 2709(c) and 18 U.S.C. § 3511(b) as applied to the National Security Letter issued to Doe; and it is further

**ORDERED** that motion (Docket No. 134) of plaintiffs for partial summary judgment is DENIED in part; and it is further

**ORDERED** that motion (Docket No. 144) of defendants for summary judgment is GRANTED in part; and it is finally

**ORDERED** that the Clerk of Court is directed to file this Decision and Order on the public docket, withdraw any other pending motions and close this case.

**SO ORDERED.**

Dated:   New York, New York
         20 October 2009

                              VICTOR MARRERO
                                 U.S.D.J.