UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
JOHN DOE, AMERICAN CIVIL          :
LIBERTIES UNION, and AMERICAN     :
CIVIL LIBERTIES UNION FOUNDATION, :
                                  :
                    Plaintiffs,   :      04 Civ. 2614 (VM)
                                  :
       - against -                :      **DECISION AND ORDER**
                                  :
ERIC HOLDER, in his official      :
capacity as Attorney General of   :
the United States et al.,         :
                                  :
                    Defendants.   :
------------------------------------X

**VICTOR MARRERO, United States District Judge.**

Plaintiffs John Doe ("Doe"), the American Civil Liberties Union and the American Civil Liberties Union Foundation (collectively, "Plaintiffs") filed a motion for partial summary judgment under Federal Rule of Civil Procedure 56 ("Rule 56") seeking a declaratory judgment that the nondisclosure provisions of 18 U.S.C. § 2709(c) ("§ 2709(c)") and § 3511(b) ("§ 3511(b)") are unconstitutional on their face and as applied. Defendants Eric Holder, Robert Mueller, and Valerie E. Caproni (collectively, the "Government") cross-moved for dismissal of the complaint or, in the alternative, summary judgment.

By Decision and Order dated September 6, 2007,[1] the Court granted in part and denied in part Plaintiffs' motion for summary judgment, and denied the Government's cross-motion for dismissal or summary judgment.   The Government appealed and the Court of Appeals for the Second Circuit, by order of December 15, 2008,[2] affirmed in part, reversed in part, and remanded for further proceedings.   On remand, the Court considered the parties' cross-motions, addressing whether the Government was justified in continuing to require nondisclosure of the National Security Letter ("NSL") issued to Doe, including the Attachment (the "Attachment") appended to it.   The parties submitted papers in support of and in opposition to continuation of the Government's NSL nondisclosure requirement.

By Decision and Order dated October 20, 2009, the ("October 2009 Order") the Court granted in part the Government's motion for summary judgment and denied in part Plaintiffs' motion for partial summary judgment.[3] In so ruling, the Court found that the Government had carried its

---

[1]  This Decision and Order is available at Doe v. Gonzales, 500 F. Supp. 2d 379 (S.D.N.Y. 2007).

[2]  The Second Circuit's decision is available at John Doe, Inc. v. Mukasey, 549 F.3d 861 (2d Cir. 2008).

[3]  The October 2009 Order is available at Doe v. Holder, 665 F. Supp. 2d 426 (S.D.N.Y. 2009).

burden of demonstrating that continuation of the requirement imposed on Plaintiffs not to disclose the NSL and its Attachment was justified. Plaintiffs then moved for partial reconsideration of the October 2009 Order insofar as it pertained to the Attachment. By Order dated December 23, 2009, the Court invited the parties to further address the matter at oral arguments scheduled for January 15, 2010. Subsequently to the hearing, on February 18, 2010 the Court conducted an ex parte in camera review of the Attachment with the Government and two representatives of the FBI, Special Agent Paul Abbate, and Charles Marciano of the Office of the General Counsel.

Plaintiffs argue that the NSL's nondisclosure requirement as authorized by the Court was insufficiently narrowly tailored to safeguard the Government's interests in secrecy as it applied to the Attachment. Specifically, Plaintiffs contend that the Government has not provided adequate explanation to justify suppressing the Attachment as necessary to national security interests or to protect an ongoing investigation of terrorist activity. To the contrary, Plaintiffs maintain that disclosure of the Attachment would serve the public interest in understanding the type of personal records the FBI has sought to obtain through NSLs,

-3-

and thus to inform congressional and public debate on the subject.

In response, the Government submitted a Declaration (the "Declaration") of Arthur M. Cummings II ("Cummings"), Executive Assistant Director of the National Security Branch of the Federal Bureau of Investigation ("FBI"). Cummings states that the duties of his office entail supervision and control over the FBI's National Security files and records. In that capacity he declares his view that unauthorized disclosure of sensitive information contained in the NSL at issue, including the Attachment, would risk revealing sensitive information sought by the FBI in conducting national security investigations, as well as the methods and techniques used by the FBI in the course of such work. Moreover, Cummings asserts that disclosure of the Attachment may cause the target of the NSL to change behavior when dealing with internet service providers, such as by giving false information to conceal the target's true identity or intentions. Finally, Cummings declares that the effects of disclosure of the types of information and specific items the FBI considers important in seeking to identify account holders or their computer use or access would compromise not only the current FBI investigation involving the NSL and target in this

case but future probes as well, thus potentially hampering Government efforts to address national security threats.

The discrete issue now before the Court is whether the Government is justified, pursuant to §§ 2709(c) and 3511(b), in continuing to impose a nondisclosure requirement on Plaintiffs as to the Attachment.  On the basis of review of the Declaration and other papers submitted by the parties, the oral argument at the Court's hearing on the matter, and the Court's ex parte conference with the Government for in camera review of the Attachment, the Court grants in part and denies in part Plaintiffs' request.

The Court concludes that some items requested in the Attachment relate to two categories of information that should be disclosed: (1) material within the scope of information that the NSL statute identifies as permissible for the FBI to obtain through use of NSLs, and (2) material that the FBI has publicly acknowledged it has previously requested by means of NSLs.  These categories, insofar as specifically itemized in the Attachment, include the name, address, telephone number, account number, email address and billing information of the subscriber. The Court is not persuaded that disclosure of these two categories of information would raise a substantial risk that any of the statutorily enumerated harms would occur.

-5-

Accordingly, the Court directs the Government to lift its nondisclosure requirement as it applies to those items of the Attachment.

As to the remainder of the Attachment, the Court is persuaded that the Government has demonstrated that good reason exists to believe that disclosure of the information withheld plausibly could harm an authorized ongoing investigation to protect against international terrorism or clandestine intelligence activities. Also, the Court finds that the Government has demonstrated to the satisfaction of the Court that the link between disclosure and the risk of harm is substantial. See John v. Doe, 549 F.3d at 881. Plaintiffs contend that there is no continuing need for nondisclosure of the entire Attachment because it would reveal only marginal information about the Government's investigation. Further, they argue that the Government's suppression justification proffered here is constitutionally deficient because: the FBI has already publicly revealed its interest in some of the types of records it has sought in this case, such as existing transaction/activity logs and email header information; disclosure of the Attachment would not impart anything about the FBI's current NSL practices; and the FBI's concerns are grounded entirely on conclusory or

-6-

speculative risk of harms that might occur. The Court disagrees.

The Court is persuaded, based on Cummings's Declaration and the Government's written submissions and representations at the Court's in camera review of the Attachment, that the Government has sufficiently met its burden under § 2709(c). Specifically, the Court finds that the Government has demonstrated a reasonable likelihood that disclosure of the Attachment in its entirety could inform current targets of law enforcement investigations, including the particular target of the Government's ongoing inquiry in this action, as well as, potentially, future targets, as to certain types of records and other materials the Government seeks through national security investigations employing NSLs. The Government has made a plausible showing that public access to such information could provide knowledge about current FBI activities as well as valuable insights into the agency's investigative methods that could produce the harms the NSL statute sought to safeguard against. For instance, disclosure of the Attachment could risk providing information useful to the Government's targets of the pending investigation that could prompt changes in their behavior to prevent detection, or signal that particular targets remain under active

surveillance.    Thus,  the  Court  is  satisfied  that  the information sought by the Attachment does not entail undue impairment of First Amendment rights or other unwarranted abusive practice on the part of the FBI.

Plaintiffs dismiss the Government's concerns as either conclusory or entirely speculative, or as unfounded fears grounded on no more than what theoretically may happen in the future. However, considering the context of national security and an ongoing investigation involving suspected terrorist activities, the Court finds the Government's justification entitled to deference in this proceeding. The Supreme Court, in upholding nondisclosure of intelligence information by the Central Intelligence Agency under analogous circumstances, has recognized that risks of what "may" happen have bearing upon and may be factored in resolving government claims for nondisclosure, cautioning that "bits and pieces of data may aid in piecing together bits of other information even when the individual piece is not of obvious importance in itself." CIA v. Sims, 471 U.S. 159, 178 (1985) (emphasis added).

The Supreme Court's observation in Sims reflects practical wisdom drawn from everyday experience. Individuals intent on carrying out illegal activities often manage to remain outside the reach of the law, one step ahead of the

-8-

police and forearmed by resourceful monitoring of the information the government gathers through law enforcement methods and technologies. By common sense analogy, were John Dillinger handed pieces of the bank's blueprints showing directions to the vault, he very well "may" or "could" find his way to the spot marked "X," or if tipped that the cops have staked lookouts at the scene, he "might" avoid the job altogether. To reasonably demonstrate the likelihood of that deduction would not demand giant leaps of conjecture. Yet, under Plaintiffs' theory in the case at hand, any risk of future harm from compelled disclosure of police surveillance information under these circumstances would be dismissed as purely speculative and unjustified. Consequently, to show that the projected law enforcement concerns are genuine essentially would require that at least some clues about the police's surveillance plans be revealed first and then wait and see whether the feared harm does indeed materialize. The Court finds nothing in First Amendment doctrine, or in logic, reason or practical experience, that would compel such an outcome. Accordingly, the Court finds that the Government has carried its burden as to the nondisclosure of portions of the Attachment.

## III.  ORDER

For the reasons stated above, it is hereby

**ORDERED** that motion (Docket No. 185) of plaintiffs John Doe ("Doe"), the American Civil Liberties Union, and the American Civil Liberties Union Foundation (collectively, "Plaintiffs") to lift the nondisclosure requirement of the National Security Letter ("NSL") Attachment issued to Doe is GRANTED in part and DENIED in part.   Eric Holder, in his official capacity as Attorney General of the United States, Robert Mueller, in his official capacity as Director of the Federal Bureau of Investigation, and Valerie E. Caproni, in her official capacity as General Counsel to the Federal Bureau of Investigation (collectively, "Defendants") are hereby permitted to enforce the nondisclosure provisions  of 18 U.S.C. § 2709(c) and 18 U.S.C. § 3511(b) as applied to parties of the NSL Attachment with the exception of the disclosures authorized herein; and it is further

**ORDERED** that the Clerk of Court is directed to file this Decision and Order on the public docket, withdraw any other pending motions and close this case.

**SO ORDERED.**

Dated:    New York, New York
          17 March 2010

VICTOR MARRERO
U.S.D.J.

-10-