*M. MARREno / 5*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- X

JOHN DOE, INC.; JOHN DOE; AMERICAN
CIVIL LIBERTIES UNION; and AMERICAN
CIVIL LIBERTIES UNION FOUNDATION,

               Plaintiffs,

       v.

ERIC HOLDER, JR., in his official capacity as
Attorney General of the United States; ROBERT
MUELLER, III, in his official capacity as
Director of the Federal Bureau of Investigation;
and VALERIE E. CAPRONI, in her official
capacity as General Counsel of the Federal
Bureau of Investigation,

               Defendants.

-------------------------------------------------------- X

04 Civ. 2614 (VM)



USDS SL
DOCUM
ELECTR    CALLY FILED
DOC #:
DATE I    7/30/10

## STIPULATION AND ORDER OF DISMISSAL OF ACTION

WHEREAS, plaintiffs-appellants ("Plaintiffs") filed this action against defendants-appellees (the "Government") in district court on or about April 6, 2004.

WHEREAS, by Decision and Order dated September 6, 2007, this Court granted in part and denied in part Plaintiffs' motion for summary judgment, and denied the Government's cross-motion for dismissal or summary judgment.

WHEREAS, the Government appealed and the Second Circuit Court of Appeals, by Order dated December 15, 2008, affirmed in part, reversed in part, and remanded the case for further proceedings.

WHEREAS, on remand, this Court considered the parties' cross-motions addressing whether the Government was justified in continuing to impose a non-disclosure obligation on

plaintiffs with respect to certain aspects of the National Security Letter ("NSL") served upon plaintiff Doe, including Doe's identity and certain parts of the Attachment to the NSL.

WHEREAS, by Decision and Order dated October 20, 2009, this Court granted in part the Government's motion for summary judgment and denied in part Plaintiffs' motion for partial summary judgment. In so ruling, the Court held that the Government had carried its burden of demonstrating that continuation of the requirement imposed on Plaintiffs not to disclose certain aspects of the NSL, including Doe's identity and certain parts of the Attachment, was justified.

WHEREAS, Plaintiffs moved for partial reconsideration of the October 20, 2009 Decision and Order insofar as it pertained to the Attachment to the NSL.

WHEREAS, by Decision and Order entered March 18, 2010, this Court granted in part and denied in part Plaintiffs' motion for partial reconsideration, directed the Government to supply a less-redacted, public version of the NSL consistent with the Court's rulings, and directed the Clerk of Court to close this case.

WHEREAS, on May 17, 2010, Plaintiffs filed a Notice of Appeal from this Court's October 20, 2009 and March 18, 2010 Decisions and Orders.

WHEREAS, due to a change in circumstances, the FBI no longer believes that non-disclosure of the identity of the recipient of the NSL is necessary to prevent against a danger to the national security of the United States, interference with a criminal, counterterrorism, or counterintelligence investigation, interference with diplomatic relations, or danger to the life or physical safety of any person that is related to an authorized investigation to protect against international terrorism or clandestine intelligence activities.

2

WHEREAS, as a result of a settlement reached by the parties on July 26, 2010, the parties filed a Stipulation in the Second Circuit Court of Appeals providing, inter alia, that plaintiffs' appeal from this Court's October 20, 2009 and March 18, 2010 Decisions and Orders (Docket No. 10-2052) was withdrawn subject to reinstatement by September 20, 2010. The Stipulation was "So Ordered" on July 28, 2010, and a certified copy was issued on that same day.

WHEREAS, the parties wish to resolve this matter, thereby avoiding further proceedings and expense, under the terms set forth below.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the parties, as follows:

1. The above-captioned action shall be, and hereby is, dismissed with prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

2. Plaintiffs hereby agree that they will not reinstate their appeal from this Court's October 20, 2009 and March 18, 2010 Decisions and Orders (Docket No. 10-2052).

3. Plaintiff John Doe is hereby permitted to identify himself and his company as the recipient of the NSL that has been the subject of this litigation. Plaintiffs ACLU and ACLU Foundation may publicly disclose this information as well. In addition, the Government acknowledges that plaintiffs may discuss matters and information that have been filed without redaction on the public docket in this case.

4. Plaintiffs are also permitted to publicly discuss plaintiff Doe's personal background, background about his company, the services Doe generally provided to his clients, and his type of clientele generally, including (a) the information that is redacted in the public filing of the Third Declaration of John Doe, dated August 21, 2009, Paragraph 1; (b) the

3

information that is redacted in the public filing of the Second Declaration of John Doe, dated September 8, 2006, Paragraph 4; and (c) the information that is redacted in the public filing of the Second Declaration of John Doe, dated September 8, 2006, Paragraph 37.

5.    Except as expressly stated in paragraphs 3 and 4 above and in this Court's prior Orders in this case, the non-disclosure requirement set forth in 18 U.S.C. § 2709 continues to apply with respect to the NSL issued to plaintiff Doe. Similarly, except as expressly stated in paragraphs 3 and 4 above and in this Court's prior Orders in this case, all material that was filed under seal or was redacted from the public record and never subsequently filed unredacted on the public docket in this case must be kept confidential and may not be publicly disclosed.

6.    Nothing in this Stipulation shall affect plaintiff Doe's right and plaintiffs ACLU and ACLU Foundation's right, if any, to petition in the future under 18 U.S.C. § 3511(b) for an order modifying or setting aside the nondisclosure requirement imposed in connection with the NSL served on plaintiff Doe.

7.    This Stipulation constitutes a final judgment in this action and contains the entire agreement of the parties, and no prior statement, representation, agreement, or understanding, oral or written, that is not contained herein, will have any force or effect.

4

Dated:    New York, New York
          July 29, 2010

                                   PREET BHARARA
                                   United States Attorney for the
                                   Southern District of New York
                                   Attorney for Defendants

                              By:  _____
                                   JEFFREY S. OESTERICHER
                                   BENJAMIN H. TORRANCE
                                   Assistant United States Attorneys
                                   86 Chambers Street
                                   New York, New York 10007
                                   Telephone: 212.637.2698, .2703
                                   Fax: 212.637.2730
                                   E-mail:  jeffrey.oestericher@usdoj.gov
                                            benjamin.torrance@usdoj.gov

Dated:    New York, New York
          July 29 2010

                                   AMERICAN CIVIL LIBERTIES FOUNDATION
                                   Attorneys for Plaintiffs

                              By:  _____
                                   MELISSA GOODMAN
                                   JAMEEL JAFFER
                                   125 Broad Street, 18th Floor
                                   New York, New York 10004
                                   Telephone: (212) 549-2622
                                   Fax: (212) 549-2654
                                   E-mail:  mgoodman@aclu.org

SO ORDERED: 30 July 2010

_____
Victor Marrero
United States District Judge

5